ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREATER DELAWARE VALLEY
SAVINGS BANK

v.

STEVEN B. KING
4073 SHELL ROAD
SARASOTA, FL 34242

: CIVIL ACTION
:
: No. 01-1117
:
: Judge Yvette Kane



FILED
FEB 2 8 2002
PER _____
HARRISBURG, PA  DEPUTY CLE

## MOTION FOR WITHDRAWAL OF APPEARANCE

Babst, Calland, Clements and Zomnir, P.C., counsel to Defendant Steven B. King ("King"), files this Motion for Withdrawal of Appearance pursuant to Local Rule 83.15, and in support thereof states as follows:

1. Local Rule 83.15 requires that counsel obtain leave of court to withdraw an appearance entered on behalf of a client.

2. The Rules of Professional Conduct ("RPC") promulgated by the Pennsylvania Supreme Court and adopted by this Court, LR 83.23.2, although not binding in other than disciplinary matters, provide guidance for determining whether good cause for withdrawal has been shown. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999).

3. RPC 1.16(b) provides that "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or...(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."

4. A client's persistent failure to honor its obligation to pay for legal services rendered has been recognized as "good cause" for withdrawal. See *Lincoln Avenue Ind. Park v. Norely*, 677 A.2d 1219, 1220 n.1 (Pa. Super. 1996)(granting permission for withdrawal where attorney averred that client failed to make payments and was without reasonable prospect of being able to pay in the future).

5. On July 19, 2001, BCCZ was retained by King (and related corporate and partnership entities who were later dismissed from this case) and has represented King throughout this litigation.

6. At the time BCCZ agreed to take this case, BCCZ informed King that it reserved the right to terminate the provision of legal services upon non-payment of legal fees and expenses. King accepted and agreed to this reservation in writing (upon request by the Court, copies of referenced written correspondence between BCCZ and King will be provided).

7. Since November 2001, however, King has failed to pay any of his attorneys' fees and expenses due and owing to BCCZ.

8. Since November 2001, King has incurred a substantial outstanding balance of unpaid legal fees and expenses.

9. BCCZ informed King in letters dated January 15, 2002 and February 15, 2002, and in (unreturned) telephone messages during January and February, 2002, that if its outstanding fees and expenses were not promptly paid, and King's retainer account was not promptly replenished, BCCZ would be forced to withdraw its representation.

10. King has not expressed any opposition known to counsel concerning counsel's withdrawal and BCCZ has good and sufficient reason to terminate its relationship with King – its account is more than 3 months past due and King has been unable or unwilling to respond to BCCZ's requests for a commitment that King will comply with the terms of the Retention

Agreement.

11.    Accordingly, this Court should exercise its discretion and grant BCCZ's Motion for Withdrawal of Appearance in the instant action.

WHEREFORE, BCCZ respectfully requests that this Court grant its Motion for Withdrawal of Appearance.

Respectfully submitted,

By: _____
Kevin K. Douglass, Esquire
Edward O'Connell, Esquire

Babst, Calland, Clements & Zomnir, P.C.
Firm No. 812
Two Gateway Center, 8th Floor
Pittsburgh, PA 15222
(412) 394-5400

Attorneys for Defendant,
Steven B. King

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on the following counsel of record by U.S. First Class Mail this 27th day of February, 2002:

John Chesney
Jason P. Gosselin
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

Kevin K. Douglass