

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREATER DELAWARE VALLEY
SAVINGS BANK

v.

STEVEN B. KING
4073 SHELL ROAD
SARASOTA, FL 34242

FILED
SCRANTON
APR 01 2002
PER _____
DEPUTY CLERK

CIVIL ACTION

NO. 01-1117

Judge Yvette Kane

## MOTION TO COMPEL DISCOVERY

Plaintiff, Greater Delaware Valley Savings Bank, by and through its attorneys, Drinker Biddle & Reath LLP, hereby moves to compel discovery responses to written discovery requests, and in support thereof avers as follows:

1. This matter arises out of Defendant King's conduct in selling a promissory note secured by a mortgage on property located at 240 S. 13th Street, Harrisburg, Pennsylvania.

2. On February 22, 2002, Plaintiff served upon Defendant King its First Requests for Production of Documents. See First Request for Production of Documents attached hereto as Exhibit A.

3. The time frame set forth in the Federal Rules of Civil Procedure for responding to these requests elapsed on March 25, 2002. As of this date, Defendant King has not responded in any way to the requests for production of documents.

4. The documents sought in Plaintiff's First Request for Production of Documents are essential to the prosecution of its claims against Defendant King.

- 2 -

WHEREFORE, Greater Delaware Valley Savings Bank respectfully requests that this Honorable Court enter the attached order compelling Defendant King to respond fully and completely to Plaintiff's First Request for Production of Documents.

_____
John Chesney
Jason P. Gosselin
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996

March 28, 2002

## **CERTIFICATE PURSUANT TO LOCAL RULE 26.3**

On March 26, 2002, I spoke with Edward O'Connell, counsel of record for Steven King. At that time, I inquired as to whether and when Mr. King intended to respond to Plaintiff's First Requests for Production of Documents. Mr. O'Connell advised that the requests were promptly forwarded to Mr. King. However, he has not received any responses from his client, nor has he been able to make contact with his client. Indeed, Mr. King's counsel has recently filed a petition to withdraw.

Upon information and belief, Mr. O'Connell has made a good faith effort to address the issues raised in the foregoing Motion to Compel. However, because of the circumstances and the pending withdrawal petition, Mr. O'Connell is unable to ensure that Mr. King will provide responses to the discovery requests at any time in the future. As such, despite the parties' good faith efforts, an agreement could not be reached.

_____
Jason P. Gosselin
Attorney for Plaintiff
Greater Delaware Valley Savings Bank

March 28, 2002



# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREATER DELAWARE VALLEY  
SAVINGS BANK

v.

STEVEN B. KING : CIVIL ACTION  
4073 SHELL ROAD  
SARASOTA, FL 34242 : NO. 01-1117

: Judge Yvette Kane

## FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS OF GREATER DELAWARE VALLEY SAVINGS BANK DIRECTED TO STEVEN KING

### DEFINITIONS

Unless otherwise indicated, the following items have the following meanings when used in these definitions and instructions and in the following Interrogatories:

1. "You" or "your" means Steven King, the defendant in this action.

2. "Subject Property" means the property located at 240 South 13th Street, Harrisburg, Pennsylvania.

3. "Relating to" means constituting, defining, concerning, embodying, reflecting, identifying, stating, referring to, dealing with, involving, or in any way relating to.

4. "Document" means any written, printed, or graphic matter, any photographs, any sound recording, any electronic data, or any other written, recorded, transcribed, punched, taped, filed, or graphic matter, however produced or reproduced, and any other item of tangible evidence of whatever description, including all originals of any nature

whatsoever and all non-identical copies thereof (whether different from originals by reason of notations made on such copies or otherwise).

5.  "Electronic data" means data of every kind and description, in forms other than ordinary paper records, whether recorded by mechanical, facsimile, electronic, magnetic, digital, video, or any other means. Such data may include, but are not limited to, computer programs; programming notes or instructions; electronic mail messages, receipts, and/or transmittals; data files; output resulting from the use of any software program; programming languages; linkages and compilers; peripheral drivers; any and all ASCII files; items stored on computer memory, or on magnetic or optical storage media, including, but not limited to, hard disks, floppy disks, CD-ROM drives, or magnetic tape of all types; data processing cards; punched cards; punched tape; computer chips, facsimile transmission machines, or on or in any other vehicle for digital storage and/or transmittal. The term "electronic data" also includes files, folder tabs, and/or containers and labels appended to, or associated with, any physical storage device associated with any of the other items and materials identified in this paragraph.

### INSTRUCTIONS

6.  <u>Privilege</u> - If You claim that any information or documents requested in these written discovery requests are privileged, state the following:

    a.    the date of the communication;

    b.    the author or sender and recipient;

    c.    the title or position of the author(s) and recipient(s) or addressee(s);

      d.    a summary statement of the subject matter of the information requested or the document withheld in sufficient detail to permit the Court to rule on the propriety of the objection; and

      e.    the nature of the privilege asserted and the basis upon which it is claimed.

7.    <u>Identification of "Documents"</u> - Whenever in these Interrogatories there is a request to identify a "document," state or identify:

      a.    its date;

      b.    its author and signatory;

      c.    its addressee and all other persons receiving copies;

      d.    the type of document (<u>e.g.</u> letter, memorandum, contract, report, accounting records, etc.);

      e.    its title;

      f.    its substance;

      g.    its custodian;

      h.    its present or last known location; and

      i.    if the document was, but no longer is, in your possession or subject to your control, state where and in whose possession or control it is.

8.    <u>Identification of a Natural "Person"</u> - Whenever in these Interrogatories there is a request to identify a "person," where the person is a natural person, identify the person's:

      a.    name;

- 3 -

  b. present or last known home address;

  c. present or last known business addresses;

  d. all telephone number(s); and

  e. occupation or profession and job title.

9. <u>Identification of a Non-Natural "Person" or "Entity"</u> - Whenever in these Interrogatories there is a request to identify a "person" or "entity," where the person or entity is not a natural person, state or identify the person's:

  a. name;

  b. the form of its organization (corporation, partnership, etc.);

  c. present or last known principal place of business;

  d. telephone number; and

  e. business.

10. <u>Estimates</u>.  Interrogatories calling for numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known, to call for estimates.  In each instance that an estimate is given, it should be identified as such together with the source of information underlying the estimate.

11. <u>Deletions from Documents</u>.  Where anything has been deleted or redacted from a document produced in response to an Interrogatory:

  a. specify the nature of the material deleted or redacted;

  b. the date of the deletion or redaction;

  c. specify the reason for the deletion or redaction; and

  d. identify the person responsible for the deletion or redaction.

- 5 -

12. Whenever used herein, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine; and disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "and," and "all" shall be deemed to include each of the functional words.

Please Produce the following:

1. Any and all documents of any kind whatsoever in your possession that in any way refer or relate to the Subject Property, including the front and back covers of the file folders, and any and all handwritten notes contained in your file.

2. Any and all documents of any kind whatsoever in your possession that in any way refer or relate to any mortgage purchased or received from Stephen Benion, Luisa Lopez Alzate, Sam Boutselis, or "Capitol Real Estate," including the front and back covers of the file folders, and any and all handwritten notes contained in your file.

3. Any and all documents of any kind whatsoever in your possession that in any way refer or relate to property located at 129-131 Clark Street, Hartford, Connecticut, including the front and back covers of the file folders, and any and all handwritten notes contained in your file.

4. Any and all documents of any kind whatsoever in your possession that in any way refer or relate to property located at 3901, 3913, 3917, 3927, 3929 6th Street South, St. Petersburg, Florida, including the front and back covers of the file folders, and any and all handwritten notes contained in your file.

5. Any and all documents of any kind whatsoever in your possession that in any way refer or relate to property located at 2431 6th Street North, Minneapolis, Minnesota, including the front and back covers of the file folders, and any and all handwritten notes contained in your file.

6. Any and all documents of any kind whatsoever in your possession that in any way refer or relate to property located at 233 Grape Street, Visalia, California, including the front and back covers of the file folders, and any and all handwritten notes contained in your file.

7. With respect to any property upon which Sterling Capital has held a mortgage, any and all documents of any kind whatsoever in your possession that in any way refer or relate to such property, including the front and back covers of the file folders, and any and all handwritten notes contained in your file.

8. Copies of any and all civil action complaints criminal complaints ever filed against Sterling Capital or Steven King.

9. Copies of any and all operating licenses or certificates for or pertaining to the business activities of Sterling Capital.

10. Copies of any and all licenses or certificates issued for or to Steven King relating to professional activities associated with the business of Sterling Capital.

11. Any and all photographs of the Subject Property.

12. Individual U.S. and state tax returns, including all W-2s, 1099s, schedules, and attachments for Steven King from 1995 to the present.

13. All U.S. and state corporate tax returns, including all schedules and attachments for Sterling Capital for all years of its existence.

14. Articles of Incorporation for Sterling Capital.

15. By-Laws for Sterling Capital.

16. The declarations pages of any and all policies of insurance ever obtained by Sterling Capital.

17. The declarations pages of any and all policies of insurance ever obtained by Steven King in his capacity as an officer or principal of Sterling Capital.

18. Any and all commercial leases ever entered into by Sterling Capital.

19. Any and all statements for commercial savings accounts, checking accounts, money market accounts, or other accounts in the name of Sterling Capital from 1995 to the present.

20. Any and all statements for commercial savings accounts, checking accounts, money market accounts, or other accounts in the name of any entity other than Sterling Capital, from 1995 to the present, in which Steven King was a signatory or to which Steven King had access.

21. W-2s for each individual employed by Sterling Capital from 1995 to the present.

DRINKER BIDDLE & REATH LLP

By: _____
Jason P. Gosselin
18th & Cherry Streets
One Logan Square
Philadelphia, PA 19103

2/22/02

Attorneys for Greater Delaware Valley Savings Bank

## CERTIFICATE OF SERVICE

I, Jason P. Gosselin, hereby certify that on March 28, 2002, I served upon the following attorney a copy of the foregoing Motion to Compel Discovery:

>Edward O'Connell, Esquire
>BABST, CALLAND, CLEMENTS & ZOMNIR, PC
>Two Gateway Center
>8th Floor
>Pittsburgh, PA  15222

>Jason P. Gosselin
>Drinker Biddle & Reath LLP
>One Logan Square
>18th & Cherry Streets
>Philadelphia, PA  19103-6996