ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREATER DELAWARE VALLEY SAVINGS BANK | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION |
| STEVEN B. KING | : | |
| 4073 SHELL ROAD | : | No. 01-1117 |
| SARASOTA, FL 34242 | : | |
| | : | Judge Yvette Kane |

FILED
HARRISBURG
APR 15 2002
MARY E. D'ANDREA, CLERK
Per: _____
DEPUTY CLERK

## BRIEF IN SUPPORT OF MOTION FOR WITHDRAWAL OF APPEARANCE

Babst, Calland, Clements and Zomnir, P.C. ("BCCZ"), counsel to Defendant Steven B. King ("King"), files the following Brief in Support of Motion for Withdrawal of Appearance.

### PROCEDURAL HISTORY

On June 22, 2001, Plaintiff Greater Delaware Valley Savings Bank ("Plaintiff") filed a Complaint against King and others seeking recovery of treble damages under the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sections 1961 et seq. ("RICO") (Count I) and compensatory and punitive damages under a theory of common law fraud (Count II).

In response to a Motion to Dismiss Pursuant to Rule 12(b)(2) and Rule 12(b)(6) or, in the Alternative, for a More Definitive Statement Pursuant to Rule 12(e) prepared and filed by BCCZ on behalf of King and others, Plaintiff on September 17, 2001 filed an Amended Complaint naming King as the only defendant.

On October 22, 2001, BCCZ prepared and filed an Answer and Affirmative Defenses on behalf of King in response to Plaintiff's Amended Complaint.

On or about December 10, 2001, this Court entered a Case Management Order which, among other deadlines, set April 30, 2002 as the deadline for the Close of Fact Discovery and schedules jury selection and trial for September 9, 2002.

On or about February 27, 2002, BCCZ filed a Motion for Withdrawal of Appearance entered on behalf of King. Pursuant to this Court's April 4, 2002 Order, BCCZ files this timely Brief in Support of Motion for Withdrawal of Appearance.

## STATEMENT OF FACTS

On July 19, 2001, BCCZ was retained by King (and related corporate and partnership entities who were later dismissed from this case) and has represented King throughout this litigation. At the time BCCZ agreed to undertake representation of King, BCCZ informed King in writing that BCCZ reserved the right to terminate the provision of legal services upon non-payment of legal fees and expenses.

King accepted and agreed to this reservation in writing (upon request by the Court, copies of any and all references written correspondence between BCCZ and King will be provided).

Since November 2001, King has failed to pay any of his attorney's fees and expenses due and owing to BCCZ. BCCZ informed King in telefaxed letters dated January 15, 2002 and February 15, 2002, and in (unreturned) telephone messages during the months of January and February, 2002, that if its outstanding fees and expenses were not promptly paid, and if King's retainer account was not promptly replenished to cover required deposition and document discovery tasks, BCCZ would be forced to withdraw its representation.

King failed to respond to BCCZ's requests for payment and BCCZ filed a Motion for Withdrawal of Appearance and advised King that it had done so. Over the last few months, BCCZ has continued to forward copies of all relevant documents to King, including the Motion For Withdrawal Of Appearance, the Motion to Compel and other correspondence, discovery and documents.

Nevertheless, since late January 2002, and despite numerous messages left by the undersigned on King's telephone message machine, BCCZ has been unable to discuss any aspect of this case with King. King has ceased all communication with BCCZ and, under the circumstances, effective representation is jeopardized. Despite repeated telephonic and written correspondence advising King of BCCZ's pending Motion for Withdrawal of Appearance, King has expressed no opposition to BCCZ concerning BCCZ's efforts to terminate its relationship with King as King's counsel.

## STATEMENT OF QUESTION INVOLVED

Should this Court exercise its discretion pursuant to Local Rule 83.15 and grant BCCZ's Motion for Withdrawal of Appearance?

## ARGUMENT

BCCZ had shown good and sufficient reason to terminate its relationship with King as King's counsel. Despite repeated requests since November 2001, King has failed to honor his obligation to pay for the substantial legal services rendered on his behalf by BCCZ. Moreover, because of King's inability and/or unwillingness to respond to BCCZ's repeated efforts to communicate with King concerning this case since January 2002, BCCZ has encountered substantial difficulties in attempting to comply with and respond to Plaintiff's discovery requests, and in developing and evaluating defenses available to King in this multi-count, RICO and

common law fraud action. This Court should accordingly exercise its discretion pursuant to Local Rule 83.15 and grant BCCZ's Motion for Withdrawal of Appearance.

Local Rule 83.15 of the United States District Court for the Middle District of Pennsylvania provides that:

> Appearance of counsel shall not be withdrawn except by leave of court. The court may refuse to approve withdrawal. If counsel is superseded by new counsel, such new counsel shall enter an appearance and counsel who is superseded shall comply with this rule and apply for leave to withdraw from the action. The court may refuse to grant a motion for leave to withdraw unless substitute counsel has entered an appearance.

The Rules of Professional Conduct ("RPC") promulgated by the Pennsylvania Supreme Court, and adopted by this Court, LR 83.23.2, although not binding in other than disciplinary matters, provide guidance for determining whether good cause for withdrawal has been shown. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999).

RPC 1.16(b) provides in pertinent part that "a lawyer may withdraw for representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or...(4) the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."

A client's persistent failure to honor its obligation to pay for legal services rendered has been recognized as "good cause" for withdrawal. See *Lincoln Avenue Ind. Park v. Norley*, 677 A.2d 1219, 1220 n.1 (Pa. Super. 1996)(granting permission for withdrawal where attorney averred that client failed to make payments and was without reasonable prospect of being able to pay in the future). Because BCCZ's fees have remained unpaid – despite repeated written and telephonic requests - since November 2001, BCCZ has demonstrated "good cause" for

withdrawal. Moreover, because King has communicated no opposition to BCCZ's Motion for Withdrawal of Appearance – despite being advised of the same – it is appropriate for this Court to exercise its discretion under Local Rule 83.15 and grant BCCZ's Motion for Withdrawal of Appearance.

## CONCLUSION

For all of the foregoing reasons, BCCZ requests that this Honorable Court grant BCCZ's Motion for Withdrawal of Appearance.

Respectfully submitted,

By: _____
Kevin K. Douglass, Esquire
Edward O'Connell, Esquire

Babst, Calland, Clements & Zomnir, P.C.
Firm No. 812
Two Gateway Center, 8th Floor
Pittsburgh, PA 15222
(412) 394-5400

Attorneys for Defendant,
Steven B. King

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Brief In Support of Motion To Withdraw was served on the following this 12th day of April, 2002:

John Chesney
Jason P. Gosselin
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(*served via First Class U.S. Mail*)

Steven B. King
4073 Shell Road
Sarasota, Fl 34242
(*served via Federal Express*)

_____
Kevin K. Douglass